Case 4:24-cv-02295   Document 56   Filed on 08/28/25 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **FERRARI FINANCIAL SERVICES, INC.,** § § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. 4:24-cv-2295 |
| **ALI M. HAMMAD,** § § § | |
| Defendant. § | |

## MEMORANDUM OPINION

Pending before the Court[1] is Plaintiff Ferrari Financial Services, Inc.'s ("FFS") Motion for Summary Judgment (ECF No. 49) and Motion to Strike (ECF No. 54). Based on a review of the motions, arguments, and relevant law, the Court **GRANTS** FFS' Motion for Summary Judgment (ECF No. 49) and Motion to Strike (ECF No. 54). The Court further **DENIES AS MOOT** *pro se* Defendant Ali M. Hammad's ("Hammad") Motion in Limine (ECF No. 32) and FFS' Motion in Limine (ECF No. 33).

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (ECF No. 24).

## I. Background[2]

This case arises out of an automobile loan. On June 4, 2022, Hammad and Ferrari of Houston, a non-party entered into a Motor Vehicle Retail Installment Sales Contract (the "Contract") for the sale of a 2018 Ferrari 488 GTB, VIN # ZFF79ALA8J0233299 (the "Vehicle"). (ECF No. 49-1 at 11–16, 38). Upon execution, Ferrari of Houston assigned the Contract to FFS. (*Id.* at 16). Pursuant to the Contract, and beginning on July 19, 2022, Hammad agreed to make 59 monthly installment payments to FFS in the amount of $3,213.40, and one balloon payment in the amount of $173,250.00 on or before June 19, 2027. (*Id.* at 11).

Under the terms of the Contract, Hammad was required to keep the Vehicle free of liens. (*Id.* at 14). Further, the Contract defined default as occurring when failing to pay any amount when it was due or breaking any of the promises in the Contract. (*Id.*). In the event of default, FFS had the right to demand payment of the entire amount owed without notice. (*Id.*). Upon default, Hammad also agreed to pay FFS' repossession and storage expenses, the costs of preparing the Vehicle for sale, the costs of selling the Vehicle, and FFS' reasonable attorney's fees and court costs. (*Id.* at 14–15).

---

[2] "In evaluating a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party." *Sanchez v. Oliver*, 995 F.3d 461, 466 (5th Cir. 2021) (internal quotations omitted).

On or around August 6, 2023, Hammad contracted with non-party Evolve Motors for service and repair work on the Vehicle. (*Id.* at 19). On or around September 18, 2023, Evolve Motors performed service and repair work on the Vehicle. (*Id.*). The total amount due and owing to Evolve Motors under the Initial Invoice was $114,800.07. (*Id.*).

Hammad failed to pay the amount owed to Evolve Motors. (*Id.* at 18). As a result, Evolve Motors filed a Notice of Intention to File Mechanic's Lien with the Harris County Tax Office. (*Id.*). Under the mechanic's lien, Evolve Motors was entitled to sell the Vehicle at auction if the Vehicle was not redeemed within thirty-one days. (*Id.*).

On November 6, 2023, counsel for FFS sent a demand letter to Hammad, informing him that he was in default of the Contract due to the mechanic's lien placed against the Vehicle, and that he should tender payment in the full amount due to FFS no later than November 8, 2023. (*Id.* at 21–22). Hammad did not respond to the demand letter. (*Id.* at 5).

On November 20, 2023, counsel for FFS paid Evolve Motors $126,328.89 for all amounts due and owing for the Vehicle and its related costs. (*Id.* at 6, 25). FFS repossessed the Vehicle the next day. (*Id.* at 6). Pursuant to the Contract, FFS added that amount to the loan balance owed by Hammad. (*Id.*).

3

After Hammad failed to redeem the Vehicle, FFS sold it at auction. (*Id.*). FFS applied the proceeds of the auction sale against the loan balance, leaving a balance due and owing of $169,670.20. (*Id.*). As a result of Hammad's default, FFS accelerated and demanded payment of Hammad's obligation under the Contract. (*Id.* at 27–28).

On June 18, 2024, based on the diversity of citizenship between the parties, FFS filed suit in federal court against Hammad for breach of contract. (*See* ECF No. 1).

## II. Legal Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure ("Rule") 56. Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under

4

the governing law." *Bazan ex rel. v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The Court should not accept "[u]nsubstantiated assertions, improbable

inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

### III.   Discussion

FFS moves for summary judgment on its breach of contract claim against Hammad, arguing there is no genuine issue of material fact and FFS is entitled to judgment as a matter of law. (ECF No. 49 at 1–2). Specifically, FFS argues the facts and law establish that (1) FFS and Hammad were parties to an enforceable contract; (2) FFS performed its obligations under the contract; (3) Hammad breached the contract; and (4) FFS sustained considerable damages as a result of Hammad's breach. (*Id.* at 2).

Under Texas law:

> [a] plaintiff asserting a breach-of-contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach.

*USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018) (citation omitted).

As to the first element, FFS argues Hammad entered into a contract with Ferrari of Houston. (ECF No. 49 at 8). FFS adds that the rights and obligations of the contract were then assigned to FFS upon execution of the lease. (*Id.*). For support, FFS relies on the Contract for the sale of the Vehicle, which was assigned to FFS upon execution. (ECF No. 49-1 at 11–16, 38).

As to the second element, FFS argues it performed its obligations under the Contract. (ECF No. 49 at 8). For support, FFS relies on its verified complaint,[3] which states FFS "performed all the conditions, covenants, and promises required of it under the terms of the Contract." (ECF No. 49-1 at 6).

As to the third element, FFS argues it made the Vehicle available to Hammad as provided for under the terms of the Contract, the Vehicle was left at Evolve Motors for service repairs, Hammad failed to pay Evolve Motors for

---

[3] Attached to its Motion for Summary Judgment, FFS included a verified complaint, exhibits, and a sworn declaration. (*See* ECF No. 49-1).

7

the repairs, and Hammad abandoned the vehicle, which resulted in the imposition of a mechanic's lien against the Vehicle. (ECF No. 49 at 8). FFS explains that a failure to keep the Vehicle free of liens constitutes a breach under the Contract. (*Id.*). Paragraph § 2(b) states Hammad agreed to "keep the vehicle free from all liens." (ECF No. 49-1 at 14). The Contract also defines an event of default as breaking any of the promises in the agreement. (*Id.*).

As to the fourth element, FFS explains that its damages, as a result of Hammad's breach, totals $169,670.20. (ECF No. 49 at 5–6, 9). After Hammad did not pay for the work at Evolve Motors, Evolve Motors filed a Notice of Intention to File Mechanic's Lien with the Harris County Tax Office on or about October 17, 2023. (*See* ECF Nos. 49 at 4, 49-1 at 18–19). Under the mechanic's lien, Evolve Motors was entitled to sell the vehicle at auction if the vehicle was not redeemed within thirty-one days. (ECF No. 49-1 at 18).

On November 6, 2023, counsel for FFS sent a demand letter to Hammad, informing Hammad that he was in default of the Contract due to the mechanic's lien placed on the Vehicle. (*Id.* at 21–23). The demand letter explained that Hammad should tender payment in the full amount due to FFS no later than November 8, 2023. (*Id.* at 22). Hammad did not respond to the letter.

Counsel for FFS ultimately repossessed the Vehicle from Evolve Motors in exchange for paying the amounts due and owing on the invoice and lien, totaling $126,328.89. (*Id.* at 6). Pursuant to the Contract, FFS added that amount to the loan balance owed by Defendant. (ECF No. 49 at 5). FFS eventually sold the Vehicle at auction. (ECF No. 49-1 at 6). FFS applied the proceeds of the auction sale against the loan balance, leaving a balance due and owing of $169,670.20. (*Id.*).

As the party who bears the burden of proof on its breach of contract claim, the Court finds FFS has established "beyond peradventure *all* of the essential elements of the claim" to warrant judgment in his favor. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The burden now shifts to Hammad to "go beyond the pleadings and designate specific facts" showing that a genuine issue exists. *Holman's DNA Trucking & Constr., LLC v. Nat'l Liab. & Fire Ins. Co.*, No. 3:21-cv-2653, 2022 WL 16815105, at *2 (N.D. Tex. Nov. 7, 2022) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

In response, Hammad argues the motion "should be denied because there is at least an issue of material whether the existence contract was breached in the matter of misrepresentation, Fraud, Identity theft [sic]." (ECF No. 51 at 1). Hammad also attaches the following exhibits in support of its response: (1)

"expert examination report" (ECF Nos. 51-1–51-2); (2) affidavit of expert Peggy Walla (ECF No. 51-3 at 1–5); (3) Gulf Travel and Tours Inc. (*id.* at 6–11); and (4) Credit Report Copy (*id.* at 12–24). (*See* ECF No. 51 at 2).

As noted by FFS, Hammad is now asserting for the first time that "perpetrators" stole his identity and purchased the Vehicle in his name. (*See* ECF No. 52 at 3). This argument is inconsistent with Hammad's prior admissions made in his response to FFS' Request for Admission No. 1.[4] (*See* ECF No. 49-1 at 38). Further, the evidence attached to Hammad's response, the "expert examination report" (ECF Nos. 51-1–51-2), the Gulf Travel and Tours Inc. documents (ECF No. 51-3 at 6–11), and the Credit Report Copy (*id.* at 12–24), are unsworn and unauthenticated documents. "Unauthenticated documents are improper as summary judgment evidence." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1993)). Further, "[u]nsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence." *Henson v. Geithner*, No. 3:11-cv-1892, 2013 WL 55953, at *1 (N.D. Tex. Jan. 4, 2013) (*Larry v. White*, 929 F.2d 206, 211 n. 12 (5th Cir. 1991)). Without any competent summary judgment evidence, Hammad fails to set out specific facts

---

[4] "**REQUEST FOR ADMISSION NO. 1:** Admit that the documents previously produced by Plaintiff as FFS00001-FFS00006 are a true and correct copy of the purchase agreement that You executed with FFS to purchase the Vehicle. **RESPONSE:** Admit." (ECF No. 49-1 at 38).

showing a genuine issue of material fact exists. *See Mendel Kaliff Co. v. Haas & Wilkerson, Inc.*, No. 09-cv-926, 2010 WL 11601450, at *5 (W.D. Tex. Aug. 9, 2010) ("Unsubstantiated assertions are not competent summary judgment evidence; summary judgment is appropriate where the nonmovant relies upon conclusory allegations, improbable inferences, and unsupported speculation.").

Similarly, Hammad refers to a "fraudulent bogus illegal auto mechanics lien." (ECF No. 51 at 2). Hammad previously acknowledged that he knew Evolve Motors filed a mechanic's lien against the Vehicle. (*See* ECF No. 49-1 at 39). As noted by FFS, Hammad has never taken steps to contest the mechanic's lien. (*See* ECF No. 52 at 6).

The Court also notes Hammad provides an expert report.[5] The expert designation deadline was March 3, 2025. (*See* ECF No. 26). However, Hammad did not designate Peggy Walla as an expert. As noted by FFS, Hammad does not explain the basis for Peggy Walla's opinion, the facts or dates considered by Peggy Walla, or their qualifications. FED. R. CIV. P. 26(a)(2)(B). Hammad does not explain the failure to comply with Rule 26(a). Nor does Hammad explain why expert designations and all information

---

[5] The documents Hammad refers to as the "expert examination report" (ECF Nos. 51-1–51-2) essentially include the same documents provided by FFS with numerous markings and annotations. However, as noted above, many of Hammad's annotations conflict with his previous admissions. Further, while Hammad includes a previous verification (*see* ECF No. 51-2 at 34), he did not include an updated verification. The Court also notes that discovery closed on January 31, 2025 (ECF No. 16).

required by Rule 26(a) could not have reasonably been filed by the scheduling order's deadline. *See Emerson v. Johnson & Johnson*, No. 17-cv-2708, 2019 WL 764660, at *2 (S.D. Tex. Jan. 22, 2019). Hammad's failure to comply with Rule 26(a) also minimizes the importance of the testimony in this case. *Id.* at *3. Allowing Hammad to utilize an expert whose information is incomplete, and designation is untimely, would prejudice FFS. *Id.* Lastly, trial is scheduled for October 2025, nearly one month away, and Hammad has not sought a continuance. As such, the Court agrees with FFS that Hammad's expert's testimony should be excluded. *See id.*

The Court finds Hammad has failed to establish a genuine issue of material fact precluding summary judgment. As such, the Court grants FFS' Motion for Summary Judgment (ECF No. 49).[6]

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** FFS' Motion for Summary Judgment (ECF No. 49) and FFS' Motion to Strike (ECF No. 54). Plaintiff's

---

[6] FFS also filed a motion to strike Hammad's "Response to Reply on the Motion for Summary Judgment" (ECF No. 53) (the "Surreply"). (ECF No. 54). A party must file a motion for leave before filing a surreply. *See Bayway Lincoln Mercury, Inc. v. Universal Underwriters Ins. Co.*, No. 19-cv-3817, 2020 WL 8093495, at *1 (S.D. Tex. Dec. 4, 2020) (granting motion to strike surreply where party did not first seek leave of court to file one). Here, Hammad did not seek leave to file his surreply prior to doing so. As such, FFS' motion to strike (ECF No. 54) is granted. *Id.* at *2.

and Defendant's Motions in Limine (ECF Nos. 33, 32) are **DENIED AS MOOT**.

The Court **ORDERS** FFS to submit evidence to the Court, within thirty days of the date of this Memorandum Opinion, of its reasonable attorney's fees incurred in prosecuting this action. The Court shall determine FFS' reasonable attorney's fees, thereafter. The Court shall enter a final judgment awarding FFS (i) $169,670.20 in damages for its breach of contract claim and (ii) an amount to be determined for its reasonable attorney's fees.

**SIGNED** in Houston, Texas on August 28, 2025.

_____
Richard W. Bennett
United States Magistrate Judge